In the Matter of the Claim of LENA HAMLIN, Respondent, against GENERAL MOTORS CORPORATION, Appellant.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 24, 1928.

**Workmen's compensation — injury arising out of and in course of employment — injury to repairer of employer's machine while repairing automobile of coemployee — evidence shows that claimant was acting in course of his employment and that injury arose out of employment.**

The claimant was a repairer of machines in his employer's plant. The injury suffered occurred while the claimant was removing a gear from the shaft of an automobile owned by a coemployee. It appears, however, that the claimant saw his coemployee take the shaft into the office of the general foreman on the morning of the accident; that the coemployee immediately came from the office and asked the claimant to do the work. Under the circumstances, claimant was justified in inferring that his superior officer had given authority that the work be done by the claimant. That constituted executive sanction and brought the claimant within the terms of the factory rule to the effect that work of that kind might be performed within the plant where prior executive sanction was given therefor.

Since the claimant's work required him to repair machines, he had the right also to operate machines, and, therefore, his injury, which occurred while operating one of the machines in his jurisdiction, arose in the course of his employment. Especially is this true, since it appears that the injury was not the result of his ignorance of method of operation, but was the result of a defect in the machine.

HINMAN, J., dissents, with memorandum.

APPEAL by General Motors Corporation from an award of the State Industrial Board, made on the 31st day of March, 1927.

*Bailey, Oot & Ryan [Lewis C. Ryan* of counsel], for the appellant.

*Albert Ottinger, Attorney-General [E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

*Shea & Crimmins,* for the claimant, respondent.

HASBROUCK, J.    The only objections to the award of the Industrial Board are that Hamlin was not in the course of his employment when injured; that he was a repairer of the employer's machines but had no right to operate them.   His immediate superior was one Hardter, chief repairman of all machine repairing, with the job of keeping the machines in the plant in working order.   The claimant Hamlin was employed under Taylor, a general foreman, and Hardter.   Hamlin was located on the second floor and had men under him to do the work.   He punched their time.   He had been known as foreman of the fourth floor as long as eight years ago, but was foreman on the second floor at the time of his injury.   The witness Kushnic worked under Hamlin.   Hardter swears: " If a machine broke down it was reported to Hamlin — if it broke down on that floor — and if he couldn't get away he used to notify me and it was up to me to take care of it."   On this floor was the office of the general foreman, Taylor.   He and the foreman, Smart, were in it on the morning of the accident.   Taylor in his office saw Edgett and the drive shaft of his automobile with the gear attached.   Edgett had taken it in to the office of the general foreman.   The work in the plant commenced at seven A. M.   Edgett had been in the office of Smart, the foreman of the toolroom on G-2-M.   The testimony further is that Edgett met Hamlin there.   So that Taylor, the general foreman, and Smart, the foreman of the toolroom, and Hamlin, gang boss and foreman of repairs, all knew that Edgett wanted to have the gear removed from the shaft.   Hamlin saw Edgett come from the general foreman's office.   He had the right to infer when Edgett came from Taylor's office to him that Edgett came with the authority of Taylor.   If this be not the fact why did Edgett carry his job openly to Hamlin?   Why did not Taylor throw him (Edgett) and his shaft and gear out?   But it is argued neither Taylor nor Smart asked Hamlin to do the job.   It was not necessary.   Hamlin knew when Edgett openly through the door of the general foreman's office carried the shaft and gear to him that the general foreman had given his consent that Edgett's work should be done.   That constituted executive sanction and brought the work within the terms of the factory rule sworn to by general superintendent Meldrum: " When work of that kind comes in with executive sanction, an order is issued covering it and the amount of the labor, that is, the direct labor is charged to the employee and he pays the company."

The next proposition necessary to be established to base the claim upon is that Hamlin was in the course of his employment when injured,   The evidence discloses clearly that Hamlin had

charge of the repairs of the machines on the second floor. A duty incident to such employment was to ascertain whether the machines would operate and to operate them to discover their capacity. Being gang boss and foreman of his floor he had the power to direct a member of his force to operate a machine which was under his control. What he could require of the workmen under his orders he himself could do. There can be no question that if Taylor had said to Hamlin, " Do this job," it would have been his duty to do it. The question was asked of the general superintendent, Meldrum, " So that if he Taylor gave consent they [he, Hamlin] would feel at liberty to do it? * * * A. Certainly." But to give executive sanction was to say to the employee capable of running the machine, the press machine, " Do this job." Hamlin undoubtedly knew how to operate the press. If it were his duty to do the work, to remove the gear from this shaft, then he had a right to run the press, in working upon which he was injured. He was not injured because he did not know how to operate the press; he was injured because the foot of the press collapsed and it fell upon him.

The award should be affirmed, with costs to the Industrial Board.

VAN KIRK, P. J., WHITMYER and HILL, JJ., concur; HINMAN, J., dissents on the ground that there is no proof that the plant foreman, Taylor, gave sanction to this " outside job," and on the further ground that Hamlin was solely a repairer of the plant machinery and was not hired to operate the press, and there is no proof that he received any special executive sanction from Taylor or otherwise to operate the press for this " outside job," and for both of which reasons there was a failure of proof that there was an accidental injury arising out of and in the course of Hamlin's employment.

Award affirmed, with costs to the State Industrial Board.